UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

H.C., individually and on behalf of J.C., a child with a
disability,                                                        COMPLAINT

                              *Plaintiffs*,
                                                                  Case No.

          -against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

                              *Defendant.*
_____

        H.C., individually and on behalf of J.C., a child with a disability, by and through

his attorneys, CUDDY LAW FIRM, PLLC, for the complaint hereby alleges:

1.      This is an action pursuant to the enforcement and fee-shifting provisions of the

Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1415(i)(3).

2.      This is also an action pursuant to Title 42 of the United States Code, Section

1983, to redress the denial to plaintiff by defendant of protected liberty interests and

rights without due process of law.

3.      Plaintiffs H.C. and J.C. reside in the County of Bronx, State of New York.

4.      J.C. is a child with a disability as defined by IDEA, 20 U.S.C. § 1401 (3)(A).

5.      H.C. is the parent of J.C. as defined by IDEA 20 U.S.C. § 1401(23).

6.      Defendant New York City Department of Education is a local educational agency

as defined by IDEA, 20 U.S.C. §1401(19), and, as such, is obligated to provide

educational and related programs and services to its students in compliance with the

applicable federal and state statutes, regulations, and the U.S. Constitution, and is subject

1

to the requirements of 20 U.S.C. § 1400 *et seq*., and the regulations promulgated thereunder.

## JURISDICTION AND VENUE

7.     Jurisdiction is predicated upon 28 U.S.C. § 1331, which provides the district courts with original jurisdiction over all civil actions arising under the laws of the United States, and upon the fee-shifting provision of IDEA, 20 U.S.C. § 1415(i)(3)(A), which provides that the district courts of the United States shall have jurisdiction of actions brought under section 1415(i)(3) without regard to the amount in controversy.

8.     Jurisdiction for the enforcement of the Findings of Fact and Decision under 42 U.S.C. §1983 is predicated upon 28 U.S.C. § 1331, and upon 28 U.S.C. § 1343, which provides, *inter alia,* the district courts with original jurisdiction to secure equitable or other relief under any Act of Congress providing for the protection of civil rights.

9.     Venue is predicated upon 28 U.S.C. § 1391(b)(1) based upon the residence of the defendant, and upon 28 U.S.C. § 1391(b)(2) based upon the location of the subject matter of this action.

## FACTUAL BACKGROUND – Case No. 173407

10.     J.C. was classified as a student with autism by defendant's committee on special education.

11.     By due process complaint (DPC) to the defendant dated May 15, 2018, plaintiff demanded a due process hearing pursuant to 20 U.S.C. § 1415(f)(1).

12.     The matter was assigned case number 173407.

13.     Plaintiff's DPC demanded, *inter alia,* a finding that defendant did not provide J.C. with a free appropriate public education (FAPE) pursuant to IDEA during the 2016-2017

and 2017-2018 school years.

14.     As relief, plaintiff's DPC demanded, among other things, that defendant conduct a speech-language, occupational therapy, physical therapy, and assistive technology evaluations, a functional behavioral assessment, fund an independent neuropsychological evaluation at a rate of $4,800, a reconvene of the committee on special education upon completion of the aforementioned evaluations, and that defend provide compensatory educational services in order to remedy the defendant's failure to provide the plaintiff a FAPE.

15.     The Defendant appointed Diane Cohen as impartial hearing officer (IHO).

16.     During the impartial hearing process, defendant conducted the speech-language, occupational therapy, physical therapy, and assistive technology evaluations, as well as the functional behavioral assessment, sought in the DPC. Additionally, defendant and plaintiff entered into a partial resolution agreement, thereby resolving plaintiff's request for compensatory academic relief.

17.     An impartial due process hearing was held for H.C. and J.C. on June 27, 2018, July 11, 2018, August 7, 2018 and September 28, 2018, for purposes of litigating the remaining items of relief sought in plaintiff's DPC, which included, funding for the independent neuropsychological evaluation in the amount of $4,800, and compensatory speech-language therapy, occupational therapy, and physical therapy.

18.     On October 11, 2018, IHO Cohen issued a Findings of Fact and Decision in favor of the plaintiff, finding a denial of FAPE and ordering relief including, funding for the independent neuropsychological evaluation in the amount of $4,800, twelve 30 minute sessions occupational therapy, nineteen 30 minute sessions of physical therapy, and ten

30 minute sessions of speech-language therapy.

19.     On December 28, 2018, plaintiff, through his counsel, submitted a demand for attorney's fees to defendant's Office of Legal Services.

20.     As of the date of this complaint, defendant has failed to settle the attorney's fees incurred in case number 173407.

FACTUAL BACKGROUND – Case No. 179886

21.     By DPC to the defendant dated November 28, 2018, plaintiff demanded a due process hearing pursuant to 20 U.S.C. § 1415(f)(1).

22.     The matter was assigned case number 179886.

23.     Plaintiff's DPC demanded, *inter alia,* a finding that defendant did not provide J.C. with a free appropriate public education (FAPE) pursuant to IDEA during the 2018-2019 school year.

24.     As relief, plaintiff's DPC demanded, among other things, that defendant enroll J.C. in a New York State approved nonpublic school and provide compensatory applied behavioral analysis services in order to remedy the defendant's failure to provide the plaintiff a FAPE.

25.     The Defendant appointed Martin Kehoe III as impartial hearing officer (IHO).

26.     An impartial due process hearing was held for H.C. and J.C. on February 14, 2019, April 9, 2019, and April 16, 2019.

27.     During the impartial hearing, plaintiffs submitted documentary evidence into the record, and offered testimony by way of affidavit in support of their case.

28.     On May 9, 2019, a closing brief was submitted on behalf of plaintiffs in support of the relief requested by them in their DPC.

29.     On June 28, 2019, IHO Kehoe III issued a Findings of Fact and Decision in favor of the plaintiff, finding a denial of FAPE and ordering relief including, placement of J.C. in a nonpublic school within 30 days of the issuance of his decision, transportation for the J.C.'s placement at the nonpublic school, and 300 hours of compensatory applied behavioral analysis services at market rate.

30.     As service provider for the 300 hours of applied behavioral analysis services ordered by IHO Kehoe III, plaintiff chose Kid Success, Inc., located at 405 RXR Plaza Uniondale, NY 11556.

31.     Defendant has not complied with the terms of the Findings of Fact and Decision, as defendant has not authorized Kid Success, Inc. to provide the 300 hours of compensatory applied behavioral analysis services.

32.     Defendant has not complied with the terms of the Findings of Fact and Decision, as defendant did not place J.C. in a nonpublic school within 30 days of the issuance of the Findings of Fact and Decision, and has not placed J.C. in a nonpublic school as of present day.

33.     As a result of defendant's failure to authorize applied behavioral analysis services as ordered by IHO Kehoe III, J.C. has not received applied behavioral analysis services in accordance with the IHO's Findings of Fact and Decision.

34.     As a result of defendant's failure to place J.C. in a nonpublic school pursuant to the IHO's order by way of the Findings of Fact and Decision, J.C. is not receiving his education in the most appropriate placement.

35.     As of the date of this complaint, defendant has failed to settle the attorney's fees incurred in case number 179886.

## FIRST CAUSE OF ACTION

36.     Plaintiffs repeat and reallege paragraphs 1 through 35 as if more fully set forth herein.

37.     Plaintiff H.C. initiated an impartial hearing on behalf of J.C. under case number 173407.

38.     Plaintiff H.C. prevailed at the impartial hearing by obtaining a decision and order from impartial hearing officer Cohen ordering the relief demanded by plaintiff H.C. in his DPC.

39.     Plaintiff H.C. having prevailed in the underlying proceedings hereby seeks reasonable attorney's fees and costs pursuant to 20 U.S.C. § 1415(i)(3).

## SECOND CAUSE OF ACTION

40.     Plaintiffs repeat and reallege paragraphs 1 through 39 as if more fully set forth herein.

41.     Plaintiff H.C. initiated an impartial hearing on behalf of J.C. under case number 179886.

42.     Plaintiff H.C. prevailed at the impartial hearing by obtaining a decision and order from impartial hearing officer Kehoe III ordering the relief demanded by plaintiff H.C. in his DPC.

43.     Plaintiff H.C. having prevailed in the underlying proceedings hereby seeks reasonable attorney's fees and costs pursuant to 20 U.S.C. § 1415(i)(3).

## THIRD CAUSE OF ACTION

44.     Plaintiffs repeat and reallege paragraphs 1 through 43 as if more fully set forth herein.

45.     The defendant has not complied with the terms of the IHO's order in case number

179886.

46.     Specifically, defendant has failed to authorize 300 hours of compensatory applied

behavioral analysis services, and defendant has failed to enroll J.C. in a nonpublic school.

47.     As a result of defendant's failure to authorize applied behavioral analysis services,

J.C. has not received the applied behavioral analysis services directed by the IHO's

Findings of Fact and Decision.

48.     As a result of defendant's failure to place J.C. in a nonpublic school, J.C. has been

deprived of an education in the most appropriate placement.

49.     Defendant has, under color of law, deprived plaintiffs of rights, privileges, or

immunities secured by the Constitution and laws of the United States, specifically the

IDEA, by failing to implement the IHO's order.

50.     Plaintiff seeks equitable relief pursuant to 42 U.S.C. § 1983. See *Mrs. W. v.

Tirozzi,* 832 F.2d 748, 755 (2nd Cir. 1987) ("A § 1983 cause of action may be used to

remedy constitutional and federal statutory violations by state agents" including those

under IDEA's predecessor statute, the Education of the Handicapped Act); see also

*Weixel v. Board of Educ. of City of New York,* 287 F.3d 138, 151 (2nd Cir. 2002) ("as

noted above, plaintiffs have stated causes of action under Section 504/ADA and the

IDEA, the district court erred in dismissing their claims for damages under Section

1983"); contra *A.W. v. Jersey City Public Schools,* 486 F.3d 791 (3rd Cir. 2007)

(describing circuit conflict as to availability of § 1983 relief under IDEA).

51.     Specifically, plaintiffs seek an order directing that defendant comply immediately

with all the terms of the IHO's order, including authorization of the 300 hours of

compensatory applied behavioral analysis services and placement of J.C. in a nonpublic school.

FOURTH CAUSE OF ACTION

52.     Plaintiffs repeat and reallege paragraphs 1 through 51 as if more fully set forth herein.

53.     The IDEA includes a judicial remedy for violations of any right "relating to the identification, evaluation, or educational placement of [a] child, or the provision of a free appropriate public education to such child." 20 U.S.C. § 1415(b)(6).

54.     The First, Third, Fourth, Ninth and Tenth Circuits are in conflict with the Second Circuit as to the availability of § 1983 relief to enforce the IDEA. See, e.g., *Blanchard v. Morton School Dist.,* 509 F.3d 934, 938 (9th Cir. 2007) ("We now join the First, Third, Fourth, and Tenth Circuits and hold that the comprehensive enforcement scheme of the IDEA evidences Congress' intent to preclude a § 1983 claim for the violation of rights under the IDEA").

55.     Thus, in the alternative to the § 1983 cause of action stated above, plaintiffs seek an order pursuant to the IDEA's own enforcement authority directing that defendant comply immediately with all the terms of the IHO Kehoe's order in case number 179886, including authorization of the 300 hours of compensatory applied behavioral analysis services and placement of J.C. in a nonpublic school.

WHEREFORE, plaintiffs respectfully request that this Court:

(1)     Assume jurisdiction over this action;

(2)     An order directing the defendant to comply with the IHO's order and

authorize and three hundred (300) hours of compensatory applied behavioral

methodology, to be provided at the market rate;

(3)     An order directing the defendant to comply with the IHO's order by placing

J.C. in a nonpublic school;

(4)     Award to the plaintiffs costs, expenses and attorneys' fees for this 42 U.S.C. §

1983 action pursuant to 42 U.S.C. § 1988;

(5)     Award to the plaintiffs costs, expenses and attorneys' fees for the

administrative proceeding pursuant to 20 U.S.C. § 1415;

(6)     Award to the plaintiffs the costs, expenses and attorneys' fees of this action

pursuant to 20 U.S.C. § 1415; and

(7)     Grant such other and further relief as the Court deems just and proper.


Dated:  Auburn, New York
         January 31, 2020                              Yours etc.,


                                                       s/ Kevin M. Mendillo
                                                       CUDDY LAW FIRM, PLLC
                                                       Kevin M. Mendillo, Esq.
                                                       *Attorneys for Plaintiffs*
                                                       5693 South Street Road
                                                       Auburn, New York 13021
                                                       (315) 370-4020
                                                       kmendillo@cuddylawfirm.com